UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| LORRAINE D. MYERS ) | |
|     Plaintiff, ) | |
| ) | 1:14-CV-115 |
| v. ) | |
| ) | *(Collier/Carter)* |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
|     Defendant. ) | |

<u>REPORT AND RECOMMENDATION</u>

This action was instituted pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner denying the plaintiff a period of disability, disability insurance benefits, and supplemental security income under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 416(I), 423, and 1382.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure for a Report and Recommendation regarding the disposition of Plaintiff's Motion for Summary Judgment (Doc. 17), Defendant's Motion for Summary Judgment (Doc. 20), and Plaintiff's Amendment (Doc. 22).

For the reasons stated herein, I RECOMMEND the decision be **REMANDED** to the Commissioner for further administrative consideration pursuant to Sentence Six of 42 U.S.C. § 405(g)

<u>Plaintiff's Age, Education, and Past Work Experience</u>

Plaintiff was a 56-year-old woman at the time of the Administrative Decision. She has a high school education (Tr. 18, 98). She had past work in a mental health facility and as a

supervisor/cashier and a retail clerk (Tr. 28, 98, 100 and 18).

## Application For Benefits-Administrative Proceedings

Plaintiff protectively filed her applications for disability insurance benefits under Title II, and for supplemental security income under Title XVI, on October 26, 2011 (Tr. 98-99, 100-05). She stated that she was born in 1957, and alleged that she became disabled beginning April 20, 2011 (Tr. 98, 100). In her Disability Report, she alleged disability due to right hip and leg pain, arthritis, right hip replacement, dislocated right hip, and night blindness (Tr. 121). After a hearing, the Administrative Law Judge (ALJ) found Plaintiff not disabled, and thus not entitled to disability benefits (Tr. 12-18). The Appeals Council then denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3), thereby making the ALJ's decision the Agency's final decision for purposes of judicial review. 20 C.F.R. § 404.981. The Court has jurisdiction under 42 U.S.C. § 405(g).

## Standard of Review

The Court must determine whether the ALJ failed to apply the correct legal standard and whether the ALJ's findings of fact were supported by substantial evidence. 42 U.S.C. § 405(g); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "This Court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997)). If there is substantial evidence to support the Commissioner's findings, they should be affirmed, even if the Court might have decided facts differently, or if substantial evidence also would have supported other findings.

*Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996); *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). The Court may not re-weigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard allows considerable latitude to administrative decision makers because it presupposes there is a zone of choice within which the decision makers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The Court may consider any evidence in the record, regardless of whether it has been cited by the ALJ. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). The United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") has held that substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Garner*, 745 F.2d at 388 (citation omitted).

Plaintiff asserts there is new evidence to support her claim of disability. Since this evidence was not presented in the administrative hearing, it can only be considered in the context of a sentence six remand. In order to remand a case for further consideration of additional evidence, plaintiff must show that the additional evidence is new and material and there is good cause for his or her failure to incorporate such evidence in the record during the prior proceedings. *See* 42 U.S.C. § 405(g); *Cline v. Commissioner of Social Security*, 96 F.3d 146, 149 (6th Cir. 1996); *Casey*, 987 F.2d at 1233. Good cause is shown when the claimant gives a valid reason for failing to obtain relevant evidence prior to the hearing. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993). Additional evidence is new if it was not in existence or available to the claimant at the time of the administrative proceedings. *See Sullivan v. Finkelstein,* 496

3

U.S. 617, 626 (1990). The party seeking remand has the burden to show that remand is appropriate. *See Oliver v. Sec'y of Health and Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986).

<u>ALJ's Findings</u>

The ALJ concluded Plaintiff had the residual functional capacity to perform light work activity and was capable of performing her past relevant work as a supervisor/cashier and a retail clerk. The ALJ made the following findings in support of the decision, which are conclusive if they are supported by substantial evidence in the record:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2015.

2. The claimant has not engaged in substantial gainful activity since December 30, 2008, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: disorder of the right hip; history of right hip replacement (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b).

6. The claimant is capable of performing past relevant work as a supervisor/cashier and a retail clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functioning capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, from April 20, 2011, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

4

Case 1:14-cv-00115-CLC-WBC   Document 23   Filed 02/23/15   Page 4 of 13   PageID #: 467

(Tr. 12-18).

## Issues Presented

Plaintiff raises the following issues:

1. Whether the ALJ failed to develop the record with regard to Plaintiff's right hip impairment.

2. Whether new evidence acquired after the administrative decision and the decision of the appeals counsel requires remand under sentence 6.

3. Whether the ALJ erred by giving less weight to the treating physician than that of her consulting examiner.

4. Whether the ALJ erred in not finding Plaintiff disabled under the Grids.

## Relevant Facts

Plaintiff's medical treatment is set forth in detail in the ALJ's Administrative Decision (Tr. 15-28) and in the parties' Memoranda. I will not repeat it here but will refer to relevant portions in the analysis section.

## Analysis

Plaintiff raises several issues. She seeks remand under Sentence Six based on new evidence which she argues is material. She also seeks reversal based on the failure to give proper deference to the treating physician rule, the failure to properly develop the medical record and failure to find Plaintiff disabled under the grids. Because I conclude remand is necessary under sentence 6, I will address the other issues in summary fashion before turning to the sentence 6 issue.

### Failure to Develop the Record

Plaintiff argues the ALJ has an affirmative duty to develop the record. The Government

5

responds that reversal and remand is not required arguing that when the record contains a sufficient amount of evidence pertaining to an impairment, an ALJ does not abuse his or her discretion by declining to obtain an additional assessment. See Robertson v. Comm'r of Social Sec., 513 F.App'x. 439 (6th Cir. 2013) (because the record contained test results, physicians' notes, opinion evidence from multiple physicians, and lacked any significant inconsistencies in the evidence, the ALJ was not obligated to order a consultative examination with a cardiologist or obtain additional medical record). Here, continues their argument, the record contained sufficient information for the ALJ to make a determination regarding Plaintiff's claim of disability. As such, remand for an additional physical consultative examination is not required.

In this case the record is relatively sparse. There was a consultative examination from Dr. William Holland dated November 21, 2006 but it did not appear to be referred to by either of the non-examining state agency physicians, who seemed to rely solely upon the consultative examination of Dr. Hak Seo (Tr. 303-206.) In a September 2012 opinion, Dr. Daugherty, Plaintiff's treating physician, limited her to sitting for 20 minutes at a time for 6 hours and standing for 10 minutes at a time for a total of 2 hours with rest breaks, all of which would have made Plaintiff unable to perform sedentary work. In this case, Plaintiff asserts an inability to work because of increasing pain and arthritis following a total right hip replacement in 1996 (Tr. 185). She asked for a consultative examination by a specialist but the ALJ concluded the record was sufficiently developed. I conclude that such an examination would have been helpful, but because I am recommending a sentence 6 remand, I will not recommend reversal on the basis of this argument. On remand the new evidence can be considered as well as any other evidence available at that time.

6

Case 1:14-cv-00115-CLC-WBC   Document 23   Filed 02/23/15   Page 6 of 13   PageID #: 469

### The Weight Given to the Treating Physician's Opinion

Plaintiff next argues the ALJ erred by giving greater weight to a consultative physician, Dr. Hak Seo, over the treating physician. The treating physician rule which gives greater and sometimes controlling weight to the treating physician is based on the assumption that a medical professional who has dealt with a claimant over a long period of time has a deeper insight into the claimant's condition than one who has examined a claimant but once or simply reviewed the medical evidence. *See Barker v. Shalala*, 40 F.3d 789 (6th Cir. 1994). However, the ALJ is not required to accept any medical opinion, even that of a treating physician, if that opinion is not supported by sufficient clinical findings. See 20 C.F.R. § 404.1527(d)(3); *Bogle v. Sullivan*, 998 F.2d 342,347 (6th Cir. 1993) ("This court has consistently stated that the [Commissioner] is not bound by the treating physician's opinions, and that such opinions receive great weight only if they are supported by sufficient clinical findings and are consistent with the evidence.").

In September 2012, Dr. Daugherty, a treating physician, opined that during an 8-hour workday, Plaintiff could sit for 20 minutes at a time for 6 hours total, stand for 10 minutes at a time for 2 hours total, and walk for 20 minutes at a time for 3 hours total (Tr. 234). He stated Plaintiff could never bend at the waist, climb, kneel, crouch, crawl, push, or pull (Tr. 234-35). She would have problems with stamina and endurance that would require more rest than the breaks normally allowed, and could not be reasonably expected to be reliable in attending a full-time job due to pain, fatigue, and other limitations (Tr. 235). Dr. Daugherty noted that he was not currently providing Plaintiff with any medication (Tr. 235).

Agency regulations and rulings address the manner in which medical opinions, including those of a treating doctor, are considered. See 20 C.F.R. §§ 404.1527, 416.927; SSR 96-2p. The

7

regulations state that a treating physician's opinion is due "controlling weight" if that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." Id. If the opinion cannot be given controlling weight, under the regulations the ALJ is required to provide "good reasons" for discounting the weight given to a treating source opinion. Id.; SSR 96-2p. The reasons provided must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p. This procedural requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 376 (6th Cir. 2013) (quoting Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004)).

The ALJ gave little weight to Dr. Daugherty's opinion as there was no corresponding treatment note and Plaintiff had not seen Dr. Daugherty in over a year (Tr. 17). She also noted that, even considering the treatment notes that had been submitted from Dr. Daugherty, there was nothing in his assessment to substantiate his findings (Tr. 17). Based on the record before her, I conclude the ALJ had a sufficient basis to afford little weight to Dr. Daugherty's opinion. She gave sufficient reasons for the weight she assigned, and remand for further consideration for this reason alone would not be required.

Was Plaintiff Disabled Under the Grids?

Plaintiff argues the ALJ should have found Plaintiff disabled under the Grids based on the opinion of the treating physician, Dr. Daugherty, who limited her to sedentary work. As the Government argues, the ALJ found Plaintiff capable of light work and therefore capable of

8

performing her past relevant work. Plaintiff argues that the ALJ should have found her to be disabled under Medical-Vocational guideline Rule 202.06. See Pl.'s Br. at 14-15. However, only after Plaintiff has established a *prima facie* case of disability does it become the Commissioner's burden to establish the plaintiff's ability to work. Wyatt, 974 F.2d at 683-84 (citing Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980)). Only at step five does the Commissioner have the burden to prove that, taking into consideration present job qualifications such as age, experience, education and physical capacity, and the existence of jobs to match those qualifications, a plaintiff retains the capacity to perform a different kind of job. Id. (citing 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f)(1); Heckler v. Campbell, 461 U.S. 458, 460 (1983)). Only at step five does the Commissioner consider the application of the Medical-Vocational guidelines, otherwise known as the "grids." Id. (citing 20 C.F.R. § 404.1569, 20 C.F.R. pt. 404, subpt. P, app. 2). Because the ALJ found that Plaintiff could perform her past work, this ended the inquiry at step four. Therefore, the application of the grids was not appropriate in this case.

Sentence Six Remand.

Plaintiff, in the second issue raised, seeks remand under Sentence Six. After the Appeals Council denied her appeal, Plaintiff submitted additional medical evidence. Plaintiff asserts this new evidence supports her claim of disability. Since this evidence was not presented in the administrative hearing, it can only be considered in the context of a Sentence Six remand. In order to remand a case for further consideration of additional evidence, plaintiff must show that the additional evidence is new and material and there is good cause for his or her failure to incorporate such evidence in the record during the prior proceedings. *See* 42 U.S.C. § 405(g);

9

*Cline v. Commissioner of Social Security*, 96 F.3d 146, 149 (6th Cir. 1996); *Casey*, 987 F.2d 1230 at 1233 (6th Cir. 1993). Good cause is shown when the claimant gives a valid reason for failing to obtain relevant evidence prior to the hearing. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993). Additional evidence is new if it was not in existence or available to the claimant at the time of the administrative proceedings. *See Sullivan v. Finkelstein,* 496 U.S. 617, 626 (1990). The party seeking remand has the burden to show that remand is appropriate. *See Oliver v. Sec'y of Health and Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986).

In this case, Plaintiff asserts the new evidence, an evaluation by Dr. Gary Voytik, is material. The Commissioner insists it is not and does not address either the question of whether it was new or whether good cause exists. Clearly, the evidence is new, having been obtained some 9 months after the administrative decision. Based on Plaintiff's request for an orthopedic evaluation and her asserted inability to afford the medical evaluation, I conclude there was good cause for not having the evidence available at the time of the administrative decision.

I will next address the issue of materiality. In May 2014, Plaintiff obtained a physical consultative examination from orthopedic physician Gary Voytik, M.D. (Doc. 22-1, pp 1-10). This evidence was obtained after both the ALJ's decision and the Appeals Council's denial of review, and thus is being submitted for the first time only to the District Court. Plaintiff argues that remand is required for the agency to consider this evidence, as the evidence is new and material, and she had good cause for not submitting the evidence earlier (Doc. 19, Plaintiff's Memorandum, pp. 9-12). Additional evidence is material only if there is a reasonable probability that the ALJ would have reached a different disposition of the disability claim if presented with the evidence. The Commissioner argues remand for consideration of this after-

10

acquired evidence is not warranted, as the evidence is not material to Plaintiff's claim and correctly points out that in order for evidence to be material, it must be time relevant to Plaintiff's claim. The Commissioner's regulations provide that an application is only effective through the date of the ALJ's decision. See 20 C.F.R. § 404.620 ("If there is an administrative law judge hearing decision, your application will remain in effect until the administrative law judge hearing decision is issued."). Plaintiff obtained the opinion evidence in May 2014, well after the ALJ's decision, in fact about 9 months after the decision. The Government points out that if Plaintiff believes that her condition has deteriorated after the date of the ALJ's decision, and that after that date she met the requirements of disability as set out in the Act, she should immediately file a new application to be considered for benefits after that time period. If Plaintiff first met all the requirements for entitlement in that new application for benefits those benefits would be paid only from the first month that she met all the requirements based on the new application. On the other hand, if these new findings, 9 months after the Administrative Decision, relate back to the time period before the decision and are therefore time relevant, they are material.

In this case Plaintiff's longitudinal history shows hip problems that resulted in hip replacement in 1996 and a later aggravating injury with allegations of pain. I conclude this new evidence is material to the claim and is time relevant, even though obtained 9 months after the administrative decision, because it is consistent with Plaintiff's complaints of pain and the nature of her alleged physical limitations, which limitations are supported by Dr. Holland's November 2006 evaluation and the September 2012 evaluation of Dr. Daugherty, Plaintiff's treating physician. The assessment of Dr. Vytik is clearly disabling. His impression was severe right hip pain due to early acetabular component loosening, instability of the right hip with extremely poor

11

range of motion. He noted poor range of motion from scar tissue from the surgery, a condition clearly relating back to the time period prior to the administrative decision. He noted thoracolumbar scoliosis of approximately 15 degrees, and lumbar degenerative disc disease with facet joint arthritis. He opined that he had deep concerns about Plaintiff working at any capacity (Doc. 22-1, page 8).

If the ALJ considers this additional evidence and agrees with the Government's position that it is not time relevant and still concludes Plaintiff capable of light work as of the date of the administrative decision then the Government's suggestion of filing a new claim is a prudent one. If that is the result after remand, then the May 2014 medical opinion could be evidence submitted in support of that new claim, even if the ALJ concludes it does not change her assessment in this application for benefits. I am recommending remand because I believe it is likely to cause her opinion to change, that is to say there is a reasonable probability this evidence would cause her opinion to change. I agree with Plaintiff that this information, in all likelihood, would have produced a different outcome in this case, and therefore conclude it was material and that remand under Sentence Six is the proper remedy. If this court agrees with this recommendation and the case is remanded under sentence six, the ALJ can look at the entire record, including this new evidence and determine if Plaintiff is capable of work. The ALJ can obtain new opinions from the state agency physicians who can have access to the opinions of Dr. Daugherty and Dr. Voytik. That decision will ultimately be, and should be, one for the ALJ, not for me.

Conclusion

For the reasons stated herein, I RECOMMEND:

1. Plaintiff's motion for Summary Judgment (Doc. 17) be **GRANTED** in part to the extent that it seeks remand under sentence six and **DENIED** in part, to the extent it seeks reversal for an award of benefits,

2. The Commissioner's Motion for Summary Judgment (Doc. 20) be DENIED,

3. The Commissioner's decision be **REMANDED** under Sentence Six of 42 U.S.C. § 405(g) to the Commissioner for further administrative consideration of new and material evidence under Sentence Six of 42 U.S.C. § 405(g).[1]

S/*William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

13